[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2007
THOMAS K. KAHN
CLERK

No. 06-16098
Non-Argument Calendar
_____

D. C. Docket No. 06-00120-CR-ORL-31DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

BERNARD KENNETH JENNINGS, JR.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 25, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

The United States appeals the district court's grant of Bernard Kenneth Jennings's motion to suppress evidence obtained during a search of his truck and subsequently discovered as a result of that search. The search was conducted

incident to a traffic stop. Jennings was arrested for possessing 7.3 grams of marijuana and two "cigar-style marijuana cigarettes," all found during the initial search incident to the traffic stop. After Jennings was arrested, law enforcement discovered three large plastic "baggies" that contained fifteen separate baggies of crack cocaine, weighing 137.1 grams; a plastic baggie that contained two cookies of crack cocaine, weighing 32.5 grams; another plastic baggie that contained 6.7 grams of marijuana; a razor blade; and $1630 in cash. Jennings moved to suppress all of the evidence obtained from his truck on the ground that the officer who stopped his vehicle, Officer Brian Cavanaugh, did not have probable cause for the search because the officer's claim that he smelled marijuana in the truck was not possible under the factual circumstances. After an evidentiary hearing, the district court agreed, in essence making an adverse credibility determination as to Cavanaugh's testimony, and concluded that there had not been probable cause to search Jennings's truck. The court discredited the testimony of Officer Cavanaugh, who claimed that he searched the truck only after smelling a strong odor of fresh, unsmoked marijuana emanating from it as soon as Jennings opened the door. The district court squarely rejected the officer's testimony that he smelled marijuana in the truck this way: "Taking into account Cavanaugh's admission that he could not smell the cannabis when presented to him in the

2

courtroom, as well as the fact that only a small amount of cannabis in a sealed, plastic bag was recovered from the center console of the truck, the Government's uncorroborated contention that Cavanaugh smelled the cannabis from several feet away is not credible."

On appeal, the government argues that in granting the motion to suppress, the district court improperly weighed Officer Cavanaugh's testimony and the other evidence presented. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

"A district court's ruling on a motion to suppress presents mixed questions of law and fact." United States v. Ramirez-Chilel, 289 F.3d 744, 748-49 (11th Cir. 2002). We accept the district court's factual findings as true unless the findings are shown to be clearly erroneous. Id. at 749. All facts are construed in the light most favorable to the prevailing party below. United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). The district court's application of the law to the facts is reviewed de novo. Ramirez-Chilel, 289 F.3d at 749.

It is well-settled that we accord considerable deference to the district court's credibility findings. Id. "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses."

Id. On review, we must accept the district court's credibility findings "unless we are left with the definite and firm conviction that a mistake has been committed." United States v. Chirinos, 112 F.3d 1089, 1102 (11th Cir. 1997) (internal quotations omitted). Put another way, we will accept the district court's credibility determination "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." Ramirez-Chilel, 289 F.3d at 749 (citation omitted).

Although the government characterizes the district court's alleged error as legal in nature, the challenged rulings are unquestionably credibility determinations and thus are factual findings. The district court's credibility ruling in this case was not the product of legal error nor was it an abuse of discretion. Indeed, it was supported by the evidence cited by the district court at the evidentiary hearing and in its written order, including the fact that only a small amount of marijuana was found in a sealed, plastic bag that was in the center console of the truck.

In short, it was within the district court's broad discretion on such matters to choose not to believe Officer Cavanaugh's version of the events, given the foregoing factual circumstances. The district court determined that in order for Officer Cavanaugh to smell the marijuana, the officer would have had to be closer

4

to the drugs. This determination is entitled to considerable deference on appeal. We cannot say that the district court's rejection of Cavanaugh's factual assertion that he detected the odor of fresh, unsmoked marijuana was clearly erroneous. We have reviewed the government's claims of error but conclude that the district court's credibility determination does not leave us with a definite and firm conviction that a mistake was made. We discern no reversible error and accordingly affirm.

**AFFIRMED.**